# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHARLES HOLT, et al., :

    Plaintiffs, :

                                         Case No. 3:14cv00031

vs. :

                                         District Judge Walter Herbert Rice

FIDELITY NATIONAL INSURANCE : Chief Magistrate Judge Sharon L. Ovington
COMPANY, et al.,

                                      :

    Defendants.

                                        :

## REPORT AND RECOMMENDATIONS[1]

Plaintiffs, Charles and Pennie Harris-Holt ("Plaintiffs"), proceeding *pro se*, bring this breach of contract action against Defendants, Fidelity National Insurance Company ("Fidelity") and Geico Insurance Agency Inc. ("Geico"), alleging that they breached their contracts of insurance by failing to pay for water damage that occurred at Plaintiffs' home. (Doc. # 2).

This matter is before the Court upon Defendants' Motion for Summary Judgment (Doc. # 20). Plaintiffs were notified of the filing of the motion and that a response must be filed on or before October 30, 2014. (Doc. # 21). No response has been filed.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

I.      **Factual Background**

On or about April 2, 2013, Plaintiffs purchased an insurance policy with Fidelity for homeowners coverage.  (Affidavit of Dane Spurgeon, para. 5, PAGEID # 71). Geico is an insurance agent for Fidelity and sold the Fidelity Policy to Plaintiffs. (*Id.*)

On April 8, 2013, Plaintiffs suffered water damage to their home located at 4770 Kentfield Drive in Dayton, Ohio. (Doc. # 1 at PAGEID # 13). It is without dispute that the cause of the damage was a result of a sewer line backup that caused water to come through a grate in the basement of Plaintiffs' home. (Affidavit of Dane Spurgeon, para. 5, PAGEID # 72).   It is also undisputed that the County has taken responsibility for the sewer line following inspection and repair. (*Id*.)

The policy provides that Fidelity "do[es] not insure for loss caused directly or indirectly by ... water which... backs up through, or escapes from, sewers or drains from outside the plumbing system of the residence premises." (Exhibit B attached to Defendants Motion for Summary Judgment). Fidelity denied coverage on the basis of this exclusion.

From the inception of this case, Plaintiffs have failed to prosecute. They refused to participate in the Rule 26(f) conference. Plaintiffs have not responded to discovery requests. On June 10, 2014, Plaintiffs were served with Requests for Admissions which included the following:

> Admit that neither Fidelity National Insurance Company nor Geico Insurance Agency, Inc., provides insurance coverage for any water damage or other damage that you allege occurred to your home in April 2013.

> Admit that neither Fidelity National Insurance Company nor Geico Insurance Agency, Inc., are liable for paying or reimbursing you for any water damage or other damage that occurred to your home in April 2013.

Plaintiffs failed to respond. (Affidavit of Barry Fagel at para. 2). Rule 36(a) of the Federal Rules of Civil Procedure provides that matters are deemed admitted when a party fails to respond to Requests for Admission within thirty days after proper service.

Additionally, Plaintiffs have failed to comply with every deadline set forth in the Scheduling Order. (*Id.*)

## II. **Summary Judgment Standards**

A party is entitled to summary judgment if there is no genuine dispute over any material fact and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011).

To resolve whether a genuine issue of material fact exists, the Court draws all reasonable inferences in the light most favorable to the non-moving party. *Richland Bookmart, Inc. v. Knox County, Tenn.*, 555 F.3d 512, 520 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). With these reasonable inferences in the forefront, "[t]he central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Jones v. Potter*, 488 F.3d 397, 402-03 (6th Cir. 2007) (quoting, in part, *Anderson v. Liberty Lobby, Inc.*, 477

3

U.S. 242, 251-52 (1986) and citing *Matsushita Elec.*, 475 U.S. at 587). "Accordingly, '[e]ntry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Whitfield v. Tennessee*, 639 F.3d 253, 258 (6th Cir. 2011) (citations omitted).

When, as in the present case, the non-moving party is proceeding *pro se*, the Court must construe his allegations liberally in his favor. *Black v. Parke*, 4 F.3d 442, 448 (6th Cir. 1993).  The Court, however, is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Guarino v. Brookfield Tp. Trustees,* 980 F.2d 399, 404-05 (6th Cir. 1992); *see InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, the burden falls on non-moving party to designate specific facts or evidence in dispute. *See Anderson*, 477 U.S. at 250; *see also Metiva*, 31 F.3d at 379;

**III.**   **Analysis**

The construction of an insurance policy is a question of law for the court and normal contract rules apply to the interpretation. *King v. Nationwide Insurance Co.,* 35 Ohio St.3d 208, 519 N.E.2d 1380 (1988); *Olmstead v. The Lumbermen's Mutual Insurance Co.*, 22 Ohio St.3d 212, 490 N.E.2d 584 (1970). Where an insurance policy's language is clear and unambiguous, the court must give that language its plain and ordinary meaning. *Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790 (6th Cir. 2002); *Burris v. Grange Mutual*

*Companies,* 46 Ohio St.3d 84, 545 N.E.2d 83 (1987), overruled on other grounds, *Savoie v. Grange Mutual Companies,* 67 Ohio St.3d 500, 620 N.E.2d 809 (1993); *Karabin v. State Auto Mutual Ins. Co.*, 10 Ohio St.3d 171, 173, 462 N.E.2d 381 (1984); *Park-Ohio Industries, Inc. v. Home Indemnity Co.*, 975 F.2d 1215, 1220 (6th Cir. 1992). Ambiguity in an insurance contract is to be construed in favor of the policyholder, not the person making a claim under the policy. *King v. Nationwide Ins. Co.*, 35 Ohio St.3d 208, 519 N.E.2d 1380 (1988). However, that rule is not to be applied so as to adopt an unreasonable interpretation of the words of the policy. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 220 (2003), citing *Morfoot v. Stake,* 174 Ohio St. 506, 190 N.E.2d 573 (1963).

Plaintiffs claim in their Complaint that Defendants breached the contract of insurance by failing to provide coverage under the policy. There is no material dispute that Geico acted only as Fidelity's agent and did not provide for any insurance coverage. Moreover, there is no dispute that Fidelity's policy contained an exclusion for damage arising from a sewer backup, which is exactly what happened at Plaintiffs' house. Under the policy and endorsement FN1528 08 09, there is no coverage for sewer backups. Finally, as a result of Plaintiffs' failure to respond to Defendants' Requests for Admissions and failure to prosecute, the undisputed facts establish: neither Fidelity nor Geico provided insurance coverage for any water damage or other damage that Plaintiffs allege occurred in April 2013 and that neither Fidelity nor Geico are liable for paying or reimbursing for any water damage or other damage that occurred to Plaintiffs' home in April 2013.

Accordingly, Defendants are entitled to summary judgment on Plaintiffs' claim.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Defendants' Motion for Summary Judgment (Doc. # 20) be Granted; and,

2. The case be terminated on the docket of this Court.

March 11, 2015

                                                        <u>s/ Sharon L. Ovington</u>
                                                           Sharon L. Ovington
                                                    Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).